889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel HOUSER, Plaintiff-Appellant,
v.
AETNA LIFE INSURANCE COMPANY; the Detroit News, Inc.,
Defendants-Appellees.
 No. 88-2155.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges and ENGEL, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the district court granting summary judgment to defendants, and denying plaintiff's motion for summary judgment.
 
 
 2
 The Detroit News provided plaintiff, as one of its employees, with group medical insurance coverage through a policy issued to it by defendant, Aetna Life Insurance Company, and with automobile insurance coverage through Liberty Mutual Insurance Company, when operating one of his employer's vehicles. When plaintiff was injured while driving one of these vehicles, Liberty paid his medical expenses. Relying upon coordination of benefits language in its policy, Aetna refused plaintiff's demand for payment of those same expenses. No coordination of benefits language was included in Liberty's policy.
 
 
 3
 The pertinent Aetna policy language follows:
 
 CO-ORDINATION WITH OTHER BENEFITS
 
 4
 This plan has been designed to help meet the cost of illness or injury. Since it is not intended that greater benefits be received than the actual medical expenses incurred, the amount of benefits payable under this plan will take into account any coverage a family member has under other "plans"....
 
 
 5
 Specifically, ... this plan will always pay either its regular benefits in full, or a reduced amount which, when added to the benefits payable by the other plan or plans, will equal 100% of "Allowable Expenses."
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 "Plan" means any plan providing benefits ... by reason of medical ... treatment, which benefits ... are provided by group insurance or any other arrangement of coverage for individuals in a group.... (Emphasis added.)
 
 
 9
 Pointing to the portion of the language referring to group insurance, plaintiff argued to the district court that, under the traditional rule of construction that ambiguous contract language will be strictly construed against its drafter, the Liberty policy could not be construed as group insurance which would trigger a coordination of benefits. He relies upon that same argument, on appeal. Aetna has contended that various standards of construction should apply, including a deferential arbitrary and capricious standard of reviewing the construction given the language by the group plan's administrator, as well as one calling for a de novo view of the language.
 
 
 10
 In an oral decision, and without specifically discussing standards of construction, the district court concluded that Aetna's coordination of benefits language was effective to bar plaintiff's claim:
 
 
 11
 It is the argument of the Plaintiff these benefits are not paid either by group insurance or any other arrangement of coverage for individuals in a group because it is personal protection insurance provided under no-fault statute to cover the Detroit News. It is the position of the Defendant that this certainly is group insurance because it does come within the definition that it is insurance which a group of persons are insured in consideration of a flat periodic payment while they remain in employment. Even if it isn't "group insurance," it certainly is another "arrangement of coverage for individuals in a group." And ... "individuals in a group" ... [doesn't] say in a group insurance policy.
 
 
 12
 Now, I did not think you could say that preliminarily that there is group insurance here because I certainly don't think ... mandatory no-fault insurance could be equated with group insurance even under the definition of Couch ... I have great or even more difficulty with the other clause which says "or any other arrangement of coverage for individuals in a group." Now, it appears to me that that is the clear intent, ... [it] is clearly there for the purpose of coordinating benefits of all types of coverage in a group.
 
 
 13
 The fact here is that the Detroit News has chosen to provide automobiles to certain of its employees, has chosen to provide these cars to the employees and has chosen or has been required by law to provide insurance coverage. Now, I think that that must be "any other arrangement of coverage for individuals in a group." The group being group of individuals given automobiles or Detroit News employees to drive.
 
 
 14
 So, using that interpretation, which I think is a reasonable one, although I recognize that it is a close case, I think that's a reasonable interpretation and, that being so, I'll have to grant the summary judgment....
 
 
 15
 We are unable to say that the trial court erred in its view of the Aetna policy language. Understandably, plaintiff prefers to dwell upon the term "group insurance" found in the definitional language, ignoring the words "or any other arrangement of coverage for individuals in a group" which is found in the clause immediately following, and obviously means something more than "group insurance." The district court correctly applied the latter clause to the uncontroverted facts before it by noting that the language included the automobile insurance coverage purchased by The Detroit News and provided to employees who drove its automobiles. Under the circumstances of this case, we doubt there was any ambiguity to which the strict rule of construction could attach itself. Besides, strict construction is no assistance to plaintiff's cause, since under the circumstances of this case, where Liberty's policy insured that group of employees operating vehicles provided by the employer, the only reasonable construction of the coordination of benefits language in the Aetna policy is that benefits are to be coordinated with policies like the one issued by Liberty.
 
 
 16
 Accordingly, the order of the district court is affirmed.
 
 
 
 *
 The Honorable Albert J. Engel became Senior Circuit Judge on October 1, 1989